**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 18 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEONARD CONTRERAS SANDOVAL, | No.  23-35213 |
| Petitioner-Appellant, | D.C. No. 2:19-cv-01278-SI |
| v. | |
| BRAD CAIN, Superintendent, Snake River Correctional Institution, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted June 6, 2024**
Portland, Oregon

Before:  RAWLINSON, FORREST, and SUNG, Circuit Judges.

Leonard Contreras Sandoval (Contreras Sandoval) appeals the district

court's denial of his habeas petition under 28 U.S.C. § 2254, after Contreras

Sandoval was convicted of murder in Oregon state court.  Contreras Sandoval

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

argues that his trial counsel was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984) for failing to obtain his military records and offer a use-of-force and military combat training expert at trial to support his self-defense theory. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

"We review de novo a district court's denial of a habeas corpus petition and review for clear error any factual findings made by the district court. . . ." *Hart v. Bloomfield*, 97 F.4th 644, 652 (9th Cir. 2024) (citation omitted). "But we are constrained by the Antiterrorism and Effective Death Penalty Act (AEDPA), which governs habeas review of state convictions." *Iversen v. Pedro*, 96 F.4th 1284, 1286 (9th Cir. 2024). "Under AEDPA, we must defer to the last state court's reasoned decision[1] on any claim that was adjudicated on the merits unless that decision is (1) contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court or (2) based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. . . ." *Id.* (citation and internal quotation marks omitted).

**1.** As an initial matter and based on the post-conviction court's statement that it "read 90 percent" of the trial transcript, Contreras Sandoval argues that the court's decision is not subject to the customary AEDPA deference. Under *Strickland*, "a court hearing an ineffectiveness claim must consider the totality of

---

[1] In this case, the last reasoned decision was that of the state post-conviction court.

the evidence," 466 U.S. at 695, but a state court "need not address 'every jot and tittle of proof suggested to them.'" *Kipp v. Davis*, 971 F.3d 939, 954 (9th Cir. 2020) (citation omitted). The state post-conviction court acknowledged the totality of the evidence standard, and adhered to that standard in finding no prejudice. Accordingly, the post-conviction court's ruling is entitled to AEDPA deference. *See Iversen*, 96 F.4th at 1286.

**2.** The post-conviction court's determination that Contreras Sandoval was not prejudiced by his counsel's ineffective performance was not contrary to or an unreasonable application of *Strickland*. "*Strickland*'s 'prejudice' prong requires a defendant to show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . ." *Lewis v. Andes*, 95 F.4th 1166, 1177 (9th Cir. 2024) (citation and internal quotation marks omitted).

We agree with the district court that the experts' testimony was "of somewhat limited value" under Oregon law, being "necessarily . . . based on [their] assessment of [Contreras Sandoval's] believability." *State v. Sperou*, 442 P.3d 581, 588 (Or. 2019) (en banc) (citation omitted). In any event, the jury was aware that Contreras Sandoval was a skilled shooter due to his military background. And the State introduced ample evidence to dispel Contreras Sandoval's self-defense theory, including that Contreras Sandoval often communicated a desire to kill the

victim, and even divulged a plan to prompt the victim to brandish a firearm so that Contreras Sandoval could shoot the victim and assert self-defense. The State also presented evidence that the trajectory of the bullet established that Contreras Sandoval exited his vehicle to shoot the victim, refuting the premise that Contreras Sandoval was reacting to a threat created by the victim.

**3.** Finally, we are not persuaded by Contreras Sandoval's contention that the post-conviction court's ruling was based on an unreasonable determination of the facts. Based on the record evidence, the post-conviction court "could reasonably determine that" Contreras Sandoval planned to provoke the victim. *Sifuentes v. Brazelton*, 825 F.3d 506, 531 (9th Cir. 2016), *as amended*.

**AFFIRMED.**